

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
GROVER SELLERS
ATTORNEY GENERAL

Hon. Weaver H. Baker,      Opinion No. O-6199
Chairman
State Board of Control    Re:  Convicts in penitentiary—
Austin, Texas           jurisdiction of courts in
                        cases of insanity; venue
Dear Sir:              and procedure.

We have given careful consideration to your letter requesting our opinion, from which we quote the following:

"Mrs. John Doe was duly committed by a district Court of a Texas county to the penitentiary of Texas, upon conviction, for a penal offense. She was delivered to the penitentiary authorities, who now have her in custody.

"A county judge of this State, during the tenure of her confinement in the penitentiary, has received a complaint in lunacy, tried the case, and adjudged her insane. The county judge now desires to have the sheriff of the county in which she was found to be a lunatic, take her into custody and deliver her to one of the State hospitals for care and treatment.

"1. After the above-named patient and defendant had been duly delivered to the penitentiary officials by authority of the judgment of a district court and a capias issued thereunder, and who is now serving a penal term in the penitentiary, does any county judge of Texas have the right to assume jurisdiction of the case and try her on a complaint of lunacy?

"2. In the event the above-named defendant and patient is duly found by a jury in a county court to be a lunatic, would the county judge have the authority, in view of the foregoing judgment of the district court, to change the order committing her to the custody of the penitentiary officials, and cause her, by his judgment, to be committed to a State hospital for the insane?"

We invite your attention to the provisions of articles 921 and 922, Code of Criminal Procedure of Texas, 1925, as

amended by the General Laws of the Forty-second Legislature, 1931, Chapter 54, Sections 1 and 2, page 82:

"**Article 921.   Insanity after conviction**

"If at any time after conviction and by the manner and method as hereinafter provided, it be made known to the Judge of the Court in which the indictment has been returned, that the defendant has become insane, since his conviction, a jury shall be empaneled as in ordinary criminal cases to try the question of insanity."

"**Article 922.   Affidavit of insanity.**

"Information to the Judge of the Court as provided in Article 921 of the Code of Criminal Procedure of the State of Texas as to the insanity of a defendant, shall consist of the affidavit of the Superintendent of some State Institution for the treatment of the insane, or the affidavit of not less than two licensed and regularly practicing physicians of the State of Texas, or the affidavit of the prison physician or warden of the Penal Institution wherein the defendant is in prison, or the County Health Officer of the County where the defendant was finally convicted, which affidavits, if made, shall state that after a personal examination of the defendant, it is the opinion of the affiant that the defendant is insane, and said affidavits shall, in addition thereto, set forth the reasons and the cause or causes which have justified the opinion."

In the case of McKibben v. State, 140 Tex. Cr. R.1, 148 S.W.(2d) 423, opinion rendered in 1940, it is said:

"Under the provision of Article 921, C.C.P., as amended in 1931, Acts 42nd Legislature, page 82, Chapter 54, Vernon's Ann. Tex. C.C.P. Art. 921, it is contemplated that the issue of insanity after conviction should be tried and determined by the District Court in which the conviction occurred. Ex parte Milliken, 108 Tex. Cr. R. 121, 299 S.W. 433; Ex parte Davenport, 110 Tex. Cr. R. 326, 7 S.W.(2d) 589, 60 A.L.R. 1403; Escue v. State, 88 Tex. Cr. R. 447, 227 S.W. 483; Eland v. State, 137 Tex. Cr. R. 486, 132 S.W.(2d) 274, 130 S.W.(2d) 292. . ."

The only case cited in the above excerpt from the McKibben case decided subsequent to the 1931 amendments to the quoted statutes is Bland v. State.  In that case, Bland had been convicted of a felony in Lubbock County.  After his trial and the affirmance of his case, he was adjudged insane by the County Court of Haskell County.  On motion for rehearing in the Court of Criminal Appeals that court held the motion could not be considered

because filed too late. The court was also asked to retire the case from the docket because of the insanity of accused. This motion was likewise overruled. The court quoted Article 921, C.C.P., as amended, supra, and cited the Milliken, Davenport and Ksoue cases as authority for the statement that "It has been held that the District Court in which a defendant was convicted has exclusive jurisdiction to try the issue of insanity arising after conviction." (Emphasis ours)

It is clear from the above cases and the citations therein that, as a general proposition, and independent of any other law on the subject, "the district court in which accused was convicted has exclusive jurisdiction to try the issue of insanity arising after conviction."

However, your attention is now invited to an enactment of the same Legislature which amended Articles 921 and 922, C.C.P., supra. We refer to Article 3186a, Vernon's Annotated Civil Statutes (General Laws, Forty-second Legislature, 1931, Chapter 21, page 25):

"Sec. 1. When any prisoner confined in the State Penitentiary becomes insane, he shall be treated by the prison physician at Huntsville and shall be observed by said physician and the Warden of the Penitentiary; and when, in the judgment of said physician or Warden, such convict is insane and should be transferred to one of the State Hospitals for treatment of the insane, then either said prison physician or said warden shall go before the County Judge of Walker County, Texas, and make affidavit to said fact, and the County Judge shall forthwith proceed to try said convict in the same manner as other persons and under the same rules of procedure as apply to the trial of citizens who become insane. Upon trial, if said convict is found to be insane, the County Judge before whom he is tried shall issue his warrant for transfer of said convict to one of the State Hospitals for the treatment of the insane or other place provided hereafter by law, provided the provision of this law shall not apply to prisoners under sentence of death and confined within the State Penitentiary.

"Sec. 2. When a State Convict, located on any of the prison farms, becomes insane, he shall immediately be transferred to the main prison at Huntsville for observation and treatment.

"Sec. 3. The County Judge and officers trying said convict shall receive the same fees as allowed by law for the trial of such cases in the County Court; but all costs and expenses incident thereto including Court costs

and fees, and the costs of providing the necessary clothing for the admission of said convict to a State Hospital for the treatment of the insane, together with the expense of transferring said prisoner to such an institution shall be paid by the manager of the Prison System out of funds allowed for management and operation of the Prison System.

"Sec. 4. The headquarters and main offices of the Texas Prison System, being located at Huntsville, in Walker County, that County is given exclusive venue in the trial of insane convicts who are inmates of the Texas Prison System. Acts 1931, 42nd Leg., p. 25, ch. 21."

Is this Article so incongruous with the provisions of Articles 921 and 922, C.C.P., supra, as to be ineffective? Careful search of the cases fails to disclose judicial determination of this question; indeed, we find no case in any appellate court wherein the last-quoted statute has ever been considered or cited.

Upon mature reflection and a diligent investigation of authorities, we fail to perceive any satisfactory or valid reason why full force and effect should be denied to Article 3186a. The provisions of the Code of Criminal Procedure deal generally with the method and procedure of determining the sanity or insanity of accused persons after conviction of a crime. Article 3186a is specific and limited to those who, after such conviction, have been confined in the penitentiary, excepting prisoners under sentence of death.

We, therefore, respectfully advise you that in our opinion your first question should be answered as follows:

If the procedure outlined in Article 3186a, supra, is followed, the judge of the County Court of Walker County, Texas, does have the right to assume jurisdiction of the case mentioned by you, and to proceed, under the provisions of said Article, to try the person concerned, on a complaint of lunacy. No other County Court would have such jurisdiction.

ith reference to your second question, you are advised that the proper procedure to be followed in these cases is outlined in our opinion No. O-5392, a copy of which is enclosed herewith. The County Judge of Walker County would have authority, after the trial held under the provisions of Article 3186a, Vernon's Annotated Civil Statutes, supra, to commit the insane convict to a State hospital for the insane, but this action on his part would not be a change of the order of the district court committing the convict to the penitentiary.

Article 34 of the Penal Code of Texas reads as follows:

"No act done in a state of insanity can be punished as an offense. No person who becomes insane after he committed an offense shall be tried for the same while in such condition. No person who becomes insane after he is found guilty shall be punished while in such condition." (Emphasis ours.)

In 1935 the Forty-fourth Legislature amended Article 925, Code of Criminal Procedure of Texas, to make that Article read as follows:

"If the defendant becomes sane, he shall be brought before the Court in which he was convicted or before the District Court in the County in which the defendant is located at the time he is alleged to have become sane; and, a jury shall be empaneled in the Court before which such defendant is brought to try the issue of his sanity; and if he is found to be sane, the conviction shall be enforced against him as if the proceedings had never been suspended." (Emphasis ours.)

The underscored portion of this statute would clearly indicate that the convict who had been declared insane and whose sanity became restored and it was so adjudicated, would be returned to the penitentiary to serve the unexpired portion of the original sentence of conviction. The action of the court in finding the convict insane after incarceration in the penitentiary would therefore have the sole effect of "suspending" or "abating" the serving of the sentence, pending a restoration of the convict's sanity. We do not think this would be "changing the order" of the court wherein the convict was originally convicted of the crime.

APPROVED SEP 27, 1944
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

BW/JCP:wb
ENCLOSURE

This opinion considered and approved in limited conference.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Benjamin Woodall

Benjamin Woodall, Assistant